UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re: | CHAPTER 11 |
| **Isaacson Steel, Inc.** | Case No. 11-12415-JMD |
| **Isaacson Structural Steel, Inc.** | Case No. 11-12416-JMD |
| Debtors | Jointly Administered |

**FINAL ORDER ON
DEBTOR'S MOTION FOR ORDER AUTHORIZING
DEBTOR TO ENTER INTO WORKING CAPITAL FINANCING ARRANGEMENT
WITH CATE STREET CAPITAL, INC.
[DOC NO. 26]**

Upon the Debtor's **Motion for Order Authorizing Debtor to Enter Into Working Capital Financing Arrangement with Cate Street Capital, Inc.** (the "Motion"), having heard the parties on the Motion, having reviewed the pleadings filed in this case to date and having found therefrom good and sufficient cause, it is hereby ordered, adjudged and decreed that:

A. Except as otherwise defined herein, all words, terms and phrases used in the Motion or in the Financing Documents shall have and be given the same meaning when used herein, including Financing, Financing Arrangement and Lender, and Financing Documents as applicable.

B. The Motion shall be, and hereby is, granted.

C. This Order shall constitute the Finance Order as defined in the Loan Agreement.

D. Debtor **Isaacson Structural Steel, Inc.**, (The "Debtor") may enter into the proposed Financing Arrangement with Lender on a final basis, execute and deliver the Financing Documents required thereby and do, execute and take, or cause to be done, executed or taken such acts, documents and actions as may be reasonably necessary to close and implement the Financing Arrangement, which Financing Arrangement shall be binding upon the Debtor.

{W2544263.2}

E. Subject to the terms set by the Financing Documents, Debtor may borrow, and Lender may advance to Debtor up to $500,000, including $125,000 advanced before the entry of this order used by Debtor to pay its payroll, which shall be used exclusively for the purposes as set forth in the Financing Documents. Notwithstanding any provision to the contrary in the Financing Documents, the collateral granted Lender does not, and shall not be deemed to include claims arising under Chapter 5 of the Bankruptcy Code.

F. Lender is and shall be entitled to the protections afforded a secured creditor under 11 U.S.C. §§ 364(e), the Court specifically finding that the Lender has acted in good faith.

G. Lender is granted a security interest in the Collateral (as defined below) as follows: (a) a pledge of, and a first priority, security interest in, the Collateral Contracts and all of the Debtor's accounts receivable, inventory, raw materials and work in process related to, or associated with, the Collateral Contracts; and (b) a first priority security interest in, and a right to repayment from, the proceeds of a loan in the amount of approximately $2,250,000 to be made to Debtor pursuant to the BFA Financing; and (c) a first priority security interest in all proceeds of the Loan; and (d) all Property described in any Security Document included within the Financing Documents, as security for any Obligations, and all other Property that now or hereafter secures (or is intended to secure) any Obligations; and (e) whether now owned or hereafter acquired or arising and all proceeds and products of the property identified in clauses (a) through (d) above (items (a) through (e) are hereinafter collectively referred to as the "Collateral"). The Lender shall be entitled to the protections afforded a first position secured creditor holding a perfected lien senior to all others, pursuant to Code Section 364(d)(1) in regard to the Collateral described in items (a) through (e), except in regard to item (d) such security interest shall only be of a senior priority under Code Section 364(d)(1) to the extent the Collateral is otherwise

{W2544263.2}

unencumbered and shall if otherwise encumbered receive treatment under Code Section 364(c)(3). Lender will also be granted an allowed claim with priority over all administrative expenses of the kind specified in Code Section 503 pursuant to Code Section 503 (b)(1) and (2) to the extent allowed by this Court, except for any claims asserted by Debtor's counsel not to exceed $10,000, as may be approved by the Court. Notwithstanding the entry of an order granting Debtor the relief requested herein in whole or in part, the proceeds of the Financing shall not be used to pay any claims held or asserted by professionals retained by Debtor without the specific approval thereof by this Court. Debtor shall pay Lender's counsels reasonable fees and expenses from the Loan proceeds without further order of the Court.

      H.      If a Default occurs as defined in the Loan Agreement, then Lender shall have the right to file an affidavit or declaration of default with this Court certifying the Default with service on Debtor's counsel and the United States Trustee. Debtor shall have 3 business days after the filing of the Affidavit to contest the Affidavit, which objection shall be limited to Good Cause as defined herein. If an objection is not timely filed, the Court shall enter an order granting the Lender relief from stay. If an objection is filed, the Court shall hold a hearing within 3 days or so soon thereafter as the Court's calendar permits. During the period following the filing of the affidavit and pending a hearing before the Court, the Debtor shall cease use of any of the proceeds of the Loan or Collateral (each as defined in the Loan Agreement). "Good Cause" as used herein shall be limited to a finding that: the Default has not occurred or if the Default has occurred and is subject to remedy, then the Default will be remedied within 3 business days.

      I.      The Collateral shall not be subject to statutory changes for preservation or predisposition under Section 506(c) of the Code.

J.  This Order shall be binding on the Debtor's successors, including any trustee appointed in this proceeding, or any subsequent Chapter 7 case.

K.  Debtor shall segregate the proceeds of the Collateral entitled to treatment under Code Section 364(d)(1).

L.  The terms of the Financing Documents are approved in all respect and incorporated herein as if fully set forth, irrespective of whether they are specifically restated or referenced in this Order.

M.  This Order is approved <u>nunc pro tunc</u> to July 6, 2011 at 9:00 a.m. with respect to Lender's interim advance of $125,000.

DATED: July 20, 2011         /s/ J. Michael Deasy
                              J. Michael Deasy, Bankruptcy Judge